UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ROBERT RAMESES, | No. 2:17-cv-2275 AC P |
| Petitioner, | |
| v. | ORDER and |
| J. LIZARRAGA, Warden, | FINDINGS AND RECOMMENDATIONS |
| Respondent. | |

Petitioner is a state prisoner proceeding pro se with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254, and request to proceed in forma pauperis pursuant to 28 U.S.C. § 1915. This action is referred to the undersigned United States Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302(c).

Examination of the in forma pauperis application reveals that petitioner is unable to afford the costs of suit. See ECF Nos. 2, 5; see also 28 U.S.C. § 1915(a). However, because the undersigned recommends dismissal of this action without leave to amend, the undersigned recommends that petitioner's request to proceed in forma pauperis be denied as moot.

Under Rule 4 of the Rules Governing Section 2254 Cases, this court is required to conduct a preliminary review of all petitions for writs of habeas corpus filed by state prisoners. Pursuant to Rule 4, this court must summarily dismiss a petition if it "plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court."

1

Review of petitioner's current and previous filings in this court[1] demonstrates that the instant petition, which challenges petitioner's 2001 conviction and sentence, is successive. This court is without jurisdiction to consider a successive petition for habeas relief under Section 2254 without prior authorization from the Ninth Circuit Court of Appeals, see 28 U.S.C. § 2244(b), which petitioner has not obtained.

Petitioner's initial petition challenging his 2001 conviction and sentence was dismissed on August 28, 2001, for failure to exhaust state court remedies. See Rameses v. State of California, Case No. 2:00-cv-2710 DFL DAD P. Petitioner's second petition was denied on the merits on March 31, 2008, and the Ninth Circuit Court of Appeals affirmed. See Rameses v. Lacey, Case No. 2:04-cv-1173 GEB GGH P. Petitioner twice sought relief from the judgment in that case, and the court construed his requests as successive habeas petitions and denied them on that basis. Id. Petitioner's third petition, entitled a "motion for extraordinary remedy of specific performance as part of plea agreement," was construed by the court as a petition for habeas relief under Section 2254, and dismissed without prejudice as successive. See Rameses v. United States District Court et al., Case No. 2:11-cv-1292 GEB GGH P.

The instant petition, designated a petition for writ habeas corpus under 28 U.S.C. § 2254, see ECF No. 1 at 1, 16, again challenges petitioner's 2001 conviction and sentence. Thus, petitioner is "contesting the same custody imposed by the same judgment of a state court," Burton v. Stewart, 549 U.S. 147, 153 (2007), that he has previously challenged in this court. A second or successive petition under Section 2254 may not be considered by the district court without prior authorization from the Ninth Circuit Court of Appeals. See 28 U.S.C. § 2244(b); Felker v. Turpin, 518 U.S. 651, 656-57 (1996). Prior authorization is a jurisdictional requisite. Burton, 549 U.S. at 152; Cooper v. Calderon, 274 F.3d 1270, 1274 (9th Cir. 2001) (once district court has recognized a petition as second or successive pursuant to § 2244(b), it lacks jurisdiction to consider the merits).

---

[1] This court may take judicial notice of court records. See United States v. Howard, 381 F.3d 873, 876 n.1 (9th Cir. 2004); United States v. Wilson, 631 F.2d 118, 119 (9th Cir. 1980); see also Fed. R. Evid. 201 (court may take judicial notice of facts that are capable of accurate determination by sources whose accuracy cannot reasonably be questioned).

Because petitioner is "required to receive authorization from the Court of Appeals before filing his second challenge . . . . [and] did not do so, the District Court [is] without jurisdiction to entertain it." Id. For this reason, the instant petition must be dismissed pursuant to Rule 4.

Accordingly, IT IS HEREBY ORDERED that the Clerk of Court is directed to randomly assign a district judge to this action.

Further, IT IS HEREBY RECOMMENDED that:

1. Petitioner's petition for writ of habeas corpus, ECF No. 1, be dismissed without prejudice to its refiling with a copy of an order from the Ninth Circuit Court of Appeals authorizing petitioner to file a successive petition;

2. Petitioner's request to proceed in forma pauperis, ECF No. 2, be denied as moot; and

3. The Clerk of Court be directed to close this case.

These findings and recommendations are submitted to the United States District Judge assigned to this case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within twenty one days after being served with these findings and recommendations, petitioner may file written objections with the court. Such document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Petitioner is advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

DATED: November 2, 2017

_____
ALLISON CLAIRE
UNITED STATES MAGISTRATE JUDGE