1

2

3

4

5

6

7

8                      UNITED STATES DISTRICT COURT

9                FOR THE EASTERN DISTRICT OF CALIFORNIA

10

11 ROBERT RAMESES,                        No.  2:17-cv-2275 MCE AC P

12               Petitioner,

13     v.                               ORDER and

14 J. LIZARRAGA, Warden,            FINDINGS AND RECOMMENDATIONS

15              Respondent.

16

17       I.       Introduction

18       Petitioner is a state prisoner proceeding pro se with this habeas corpus action filed

19 pursuant to 28 U.S.C. § 2254.  For the reasons that follow, the undersigned recommends that this

20 action be dismissed for lack of federal habeas jurisdiction.

21       II.       In Forma Pauperis Application

22       Examination of the in forma pauperis application reveals that petitioner is unable to afford

23 the costs of suit.  ECF No. 2.  Accordingly, petitioner's application to proceed in forma pauperis

24 will be granted.  See 28 U.S.C. § 1915(a).

25       III.       Background

26       Currently pending is petitioner's motion to stay this action while he exhausts additional

27 claims in the state courts.  See ECF No. 10.  Petitioner filed his initial petition on October 30,

28

1

2017.  ECF No. 1.  The court initially construed the petition as a successive challenge to petitioner's 2001 conviction for violation of California Penal Code § 476a (fraudulent bank transactions), and sentence to a term of 25-years-to-life based on four convictions that qualified as "prior strikes" under California's "Three Strikes Law," California Penal Code § 667.  See ECF No. 6.  The prior "strike" convictions arise from a 1988 Florida case in which petitioner pled guilty to four counts of second degree murder and agreed to cooperate with local, state and federal law enforcement agencies concerning crimes involving the "Yahweh sect."  In exchange for his guilty plea, petitioner received a 22-year prison term, a new identity, and placement in the Federal Witness Protection Program.  See ECF No. 1 at 52-65.  Additionally, petitioner was accorded "the broadest type of use and derivative use immunity (but not transactional immunity) for crimes that were committed" by petitioner prior to the signing of the plea agreement.  Id. at 59-60.

Petitioner filed objections to the undersigned's recommendation this action be dismissed as successive,[1] asserting that the court had misconstrued the petition.  Petitioner asserted that he was not challenging his 2001 conviction and sentence, but the state court's more recent denial of his petition for recall of sentencing and resentencing under California Propositions 36 and 47.[2]

_____

[1] On November 3, 2017, the undersigned found the instant petition successive and filed in this court without authorization from the Ninth Circuit Court of Appeals, as required under 28 U.S.C. § 2244(b).  See ECF No. 6.  This court recounted, id. at 2:

> Petitioner's initial [federal] petition challenging his 2001 conviction and sentence was dismissed on August 28, 2001, for failure to exhaust state court remedies.  See Rameses v. State of California, Case No. 2:00-cv-2710 DFL DAD P.  Petitioner's second petition was denied on the merits on March 31, 2008, and later affirmed by the Ninth Circuit Court of Appeals.  See Rameses v. Lacey, Case No. 2:04-cv-1173 GEB GGH P.  Petitioner twice sought relief from that judgment, construed by the court as successive habeas petitions and denied on that basis.  Id.  Petitioner's third petition, entitled a "motion for extraordinary remedy of specific performance as part of plea agreement," was construed by the court as a petition for habeas relief under Section 2254, and dismissed without prejudice as successive.  See Rameses v. United States District Court et al., Case No. 2:11-cv-1292 GEB GGH P.

[2] Under California Penal Code § 1170.126, enacted in 2012 by the voters as "Proposition 36" (the "Three Strikes Reform Act"), a prisoner sentenced to an indeterminate term of life imprisonment, due to application of prior-conviction enhancements under California's Three Strikes Law, may petition the superior court for recall of sentence and resentencing within two

2

See ECF No. 8. Petitioner also asserted that he had exhausted his federal claims in the state courts. Id. Accordingly, the court vacated its November 3, 2017 findings and recommendations and granted petitioner thirty days to file an amended petition that clearly identified his federal claims. See ECF No. 9 (order filed Dec. 4, 2017). The court directed petitioner, in pertinent part, as follows:

> In light of petitioner's representations, the findings and recommendations will be vacated and petitioner will be directed to file an amended petition for writ of habeas corpus that clarifies the judgment challenged. In amending, petitioner should use the form provided by the court, set forth all of the information requested on the form, and attach all pertinent state court rulings. *Failure to comply with this order will confirm the undersigned's initial assessment that this action should be dismissed.*

Id. at 1 (emphasis added).

On December 26, 2017, petitioner filed the pending motion to stay these proceedings while he exhausts a "new" claim in the state courts. ECF No. 10. Petitioner did not file an amended petition as directed or otherwise identify his exhausted and unexhausted federal claims. Petitioner states only that, on October 11, 2017 (three weeks before filing the instant federal petition), he filed in the El Dorado County Superior Court a "Petition for *Further Consideration of Petitioner's Recall and Resentencing Pursuant to Penal Code 1170.126(e)*" (emphasis added), citing "new" California Supreme Court authority as set forth in People v. Estrada (July 24, 2017), 3 Cal. 5th 661. Petitioner asserts that this "New Supreme Court precedent . . . was not available to Petitioner when he filed his federal writ of habeas corpus." ECF No. 10 at 2. Petitioner states that, on December 11, 2017, the "Honorable Judge Kenneth J. Melikian" (El Dorado County Superior Court Judge)[3] "denied Petitioner's Motion for Further Consideration of Petitioner's

---

years after the effective date of the law or at a later date upon a showing of good cause. See Cal. Penal Code § 1170.126. Under Penal Code § 1170.18, enacted in 2014 as "Proposition 47" (the "Safe Neighborhoods and Schools Act"), a petitioner may, pursuant to a "recall and resentencing petition," seek reclassification of a felony conviction to a misdemeanor conviction unless the resentencing of petitioner would pose an unreasonable risk of danger to public safety. See Cal. Penal Code § 1170.18.

[3] This court may take judicial notice of its own records and the records of other courts. See United States v. Howard, 381 F.3d 873, 876 n.1 (9th Cir. 2004); United States v. Wilson, 631 F.2d 118, 119 (9th Cir. 1980); see also Fed. R. Evid. 201 (court may take judicial notice of facts that are capable of accurate determination by sources whose accuracy cannot reasonably be

3

1 | Recall and Resentencing Pursuant to Penal Code 1170.126(e)," and that petitioner then "filed his

2 | Notice of Appeal in the Superior Court County of El Dorado." ECF No. 10 at 3. (El Dorado Co.

3 | Sup. Ct. Case No. PC 20170499.)[4] On this basis, petitioner requests a stay of his instant federal

4 | petition under Rhines v. Weber, 544 U.S. 269 (2005).[5]

5 |         IV.    Legal Standards

6 |         Under Rule 4 of the Rules Governing Section 2254 Cases, this court must summarily

7 | dismiss a petition for writ of habeas corpus filed by a state prisoner if it "plainly appears from the

8 | petition and any attached exhibits that the petitioner is not entitled to relief in the district court."

9 |         V.     Analysis

10 |         It is now clear that the instant petition seeks to challenge the January 14, 2015 ruling of

11 | the El Dorado County Superior Court rejecting plaintiff's initial petition for recall and

12 | resentencing, which petitioner has apparently exhausted in the state courts. It is also clear that

13 | petitioner's request to stay this action reflects his effort to obtain the state courts' reconsideration

14 | of the January 14, 2015 decision. Although petitioner has not provided a copy of the challenged

15 | ruling itself, he asserts that the following is an accurate excerpt:

16 |         The Court received a motion from the defendant requesting
         resentencing pursuant to Proposition 47 and the previous
17 |         Proposition 36 (the Three Strikes Reform Act). [] The Court has
         reviewed the moving papers as well as the files in these matters and
18 |         respectfully denies both requests.

19 |         The Court takes judicial notice of its own files and notes that
         defendant's prior convictions disqualify him from resentencing
20 |         under Penal Coe 1170.126(e). In order to be eligible for

21 | questioned).

22 | [4] Review of the California Court of Appeal's Case Information website indicates that petitioner
filed his notice of appeal in the trial court on December 21, 2017; the appeal was dismissed on

23 | January 19, 2018, and the remittitur issued on March 23, 2018. Cal. Ct. of App. (3rd Dist.) Case
No. C086263. As of this writing, it does not appear that petitioner has sought relief in the

24 | California Supreme Court.

25 | [5] A Rhines stay is available for a habeas petition (1) containing only unexhausted federal claims,
or (2) that is "mixed" (containing both exhausted and unexhausted federal claims). See Rhines,

26 | supra; see also Mena v. Long, 813 F.3d 907, 910 (9th Cir. 2016). A Rhines stay preserves the
federal filing date for unexhausted claims contained in the federal petition. In order to obtain a

27 | stay under Rhines, the petitioner must show that (1) good cause exists for his failure to have first
exhausted his claims in the state courts, (2) the claims at issue are potentially meritorious, and (3)

28 | petitioner has not been intentionally dilatory. Rhines, at 544 U.S. at 277-78.

resentencing the prior convictions cannot be serious or violent felony [sic] as set forth in Penal Code 1192.7(c). The defendant's priors are set forth there.

Further, the defendant does not qualify for resentencing pursuant to Proposition 47 for the same reason. Those priors disqualify the defendant under Penal Code 1170.18(i). Finally, to the extent necessary, the court makes the finding that the defendant remains a danger to society based on the priors.

In sum, the petition for resentencing under both Proposition 36 and 47 is denied.

<u>See</u> ECF No. 1 at 3.

Petitioner's eligibility for recall and resentencing under California law does not present a federal habeas claim. "[I]t is not the province of a federal habeas court to reexamine state-court determinations on state-law questions." <u>Estelle v. McGuire</u>, 502 U.S. 62, 67-68 (1991). "[W]hether a state court properly construed or applied state sentencing law is a question of state law not subject to federal habeas review." <u>Nelson v. Biter</u>, 33 F. Supp. 3d 1173, 1177 (C.D. Cal. 2014) (collecting cases). More specifically, "[w]hether or not a prior conviction properly constitutes a 'serious' or 'violent' felony, as that term is defined in California's Three Strikes Law, involves interpretation of state sentencing law. Federal courts are bound by a state court's construction of its own penal statutes, and this court must defer to the California courts' interpretation of the California Three Strikes Law unless its interpretation is untenable or amounts to a subterfuge to avoid federal review of a constitutional violation." <u>Mitchell v. Soto</u>, 2015 WL 1119683, at *5, 2015 U.S. Dist. LEXIS 30011, at *12, Case No. 2:14-CV-1438 TLN GGH P (E.D. Cal. Mar. 11, 2015, adopted in full Apr. 13, 2015) (citations and internal quotation marks omitted); <u>see also</u> <u>Tuggle v. Perez</u>, 2016 WL 1377790, at *7, 2016 U.S. Dist. LEXIS 47369, at *18-19, Case No. 2:14-cv-1680 KJM CKD P (E.D. Cal. Apr. 7, 2016, adopted in full June 3, 2016) (collecting cases).

Petitioner has attempted to state a federal habeas claim on Fifth Amendment and due process grounds by asserting that his 1988 plea agreement "immunized" his prior murder convictions from being construed as "strikes" under California's Three Strikes Law. <u>See</u> <u>e.g.</u>, ECF No. 1 at 33 et seq. This claim, however, has previously been rejected by this court – and on

appeal – when addressing the merits of petitioner's first habeas petition challenging his 2001 sentence. See Rameses v. Kernan, Case 2:04-cv-01173 GEB GGH P, ECF No. 55 at 20-4 (findings and recommendations filed Nov. 27, 2007, adopted in full Mar. 31, 2008); see also ECF Nos. 82 & 83 (affirmed by the Ninth Circuit Court of Appeals, Case No. 08-16584, memorandum decision filed Feb. 18, 2010; mandate issued Apr. 27, 2010). Petitioner subsequently attempted to pursue the claim in a "motion for extraordinary remedy of specific performance as part of plea agreement," which the court construed as a successive petition. See Rameses v. United States District Court, Case 2:11-cv-01291 KJM GGH P, ECF No. 10 (findings and recommendations filed Aug. 11, 2011, adopted in full Jan. 4, 2012); id. at ECF No. 27 (denial of request for certificate of appealability filed by Ninth Circuit Court of Appeals on Jan. 25, 2013).

To the extent petitioner now seeks to pursue a duplicate federal claim challenging his 2001 sentence, the instant petition constitutes another "second or successive" challenge to that judgment. A "second or successive" petition may not be considered by the district court without prior authorization from the Ninth Circuit Court of Appeals. See 28 U.S.C. § 2244(b); Felker v. Turpin, 518 U.S. 651, 656-57 (1996). Prior authorization is a prerequisite to this court's jurisdiction. Burton v. Stewart, 549 U.S. 147, 152 (2007); Cooper v. Calderon, 274 F.3d 1270, 1274 (9th Cir. 2001). Because petitioner "neither sought nor received authorization from the Court of Appeals" before filing the instant petition challenging the same custody challenged in his First Amended Petition filed September 7, 2005 (Case No. 2:04-cv-01173 GEB GGH P) and resolved by this court on the merits, this court remains "without jurisdiction to entertain" the instant petition. Burton, 549 U.S. at 157.

Petitioner's reliance on an asserted change in state law, as set forth in Estrada, does not help him here. Federal habeas relief is available only upon a showing that petitioner's custody is "in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a) (emphasis added). Therefore, petitioner's reliance on "newly decided" California Supreme Court authority does not state an independent federal habeas claim and thus provides no ground upon to stay this action under Rhines. Under the present circumstances, the instant petition should be dismissed and petitioner's stay request denied as moot.

VI.    Conclusion

For the foregoing reasons, IT IS HEREBY ORDERED that petitioner's application to proceed in forma pauperis, ECF No. 2, is granted.

Further, IT IS HEREBY RECOMMENDED that:

1.  This action be dismissed for lack of federal habeas jurisdiction, for failure to state a cognizable federal habeas claim and because successive.

2.  Petitioner's motion to stay this action, ECF No. 10, be denied as moot.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. §636(b)(l).  Within fourteen (14) days after being served with these findings and recommendations, petitioner may file written objections with the court.  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  If petitioner files objections, he shall also address whether a certificate of appealability should issue and, if so, why and as to which issues.  See 28 U.S.C. § 2253(c)(2).  Petitioner is advised that failure to file objections within the specified time may waive the right to appeal the District Court's order.  Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

DATED: April 4, 2018

ALLISON CLAIRE
UNITED STATES MAGISTRATE JUDGE